ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL DIVITO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 311-005 |
| | ) | |
| WALTER WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 OCT 18 P 3: 28
CLERK
SO. DIST. OF GA.

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate currently incarcerated at McRae Correctional Facility ("McRae") in McRae, Georgia, has commenced the above-captioned case pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. (Doc. no. 1.) Respondent has filed a motion to dismiss the petition as barred by *res judicata*, or claim preclusion (doc. no. 4), to which Petitioner has filed a response in opposition (doc. no. 11). Respondent then filed a sur-reply, to which Petitioner has also responded. (Doc. nos. 12, 13.) Also before the Court is Petitioner's motion for summary judgment. (Doc. no. 8.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that Petitioner's motion for summary judgment be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

### I. BACKGROUND

On February 22, 1994, Petitioner was arrested in Canada on Canadian drug trafficking charges, and on March 28, 1995, was convicted and sentenced to 12 years of imprisonment by

the Canadian courts based on those charges. (Doc. no. 1, p. 9; doc. no. 1-1, Ex. B, p. 3.) Under the Canadian sentence, Petitioner, as a first-time offender, would have been eligible for parole beginning on March 27, 1997. (Doc. no. 1, p. 8; doc. no. 1-1, Ex. L, p. 5.) However, because the United States sought to extradite Petitioner to prosecute him based on an indictment for conspiracy to possess with intent to distribute cocaine, Petitioner remained incarcerated in Canada until he could be tried in the United States.[1] (Doc. no. 1, p. 8; doc. no. 1-1, Ex. S, p. 12.) After Petitioner pled guilty to the charges in the indictment, the Middle District of Florida sentenced him to a 90-month term of imprisonment on March 10, 2006. Divito, CR 894-168, doc. no. 176.

Petitioner previously filed a habeas petition pursuant to 28 U.S.C. § 2241 in this Court on September 18, 2008. DiVito v. Lappin, CV-308-087, doc. no. 1 (S.D. Ga. Sep. 18, 2008). There, he argued that he was entitled to 21.75 months of good conduct time ("GCT") for 145 months he spent in "constructive custody" of the United States, beginning from the date of Petitioner's 1994 arrest in Canada.[2] See id. at pp. 3-4, 9. In examining Petitioner's sentence imposed in the United States, the Court found that the Middle District of Florida intended to sentence Petitioner to a total of 235 months for his federal offenses in accordance with the United States Sentencing Guidelines ("U.S.S.G."); however, it also wanted to credit Petitioner for the 145 month period he was incarcerated pursuant to his Canadian sentence, which only

---

[1]On June 6, 1995, a grand jury sitting in the Middle District of Florida returned an indictment charging Petitioner with conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. See United States v. Divito, No. 894-CR-00169, doc. no. 9 (M.D. Fla. June 6, 1995). Petitioner was later arrested in June of 2005 and extradited on the federal charges. See id., docket entry of June 20, 2005.

[2]Petitioner later sought credit for GCT in various motions to the Middle District of Florida. See id., doc. no. 204 (M.D. Fla. Sept. 21, 2009); doc. no. 212 (M.D. Fla. May 10, 2010).

2

left 90 months to be served in Bureau of Prisons ("BOP") custody. Id. at doc. no. 14, pp. 4-5. However, the Court also found that the Eleventh Circuit had soundly rejected Petitioner's argument that GCT should be awarded on the basis of the sentence imposed, rather than the time served. Id. at pp. 5-8. Thus, Petitioner was only eligible for GCT for the time served in actual BOP custody (i.e., 90 months), and the Court recommended that his petition be denied. Id., *adopted as opinion of the District Court*, doc. no. 22.

Petitioner then filed the instant § 2241 petition, and now contends that he is entitled to "approximately 19 months" of GCT, calculated from the date he became eligible for parole in Canada – March 27, 1997 – but remained in Canadian detention until his extradition to the United States in June of 2005. (See doc. no. 1, pp. 8-9.) Petitioner argues that the only reason he remained incarcerated in Canada was the United States indictment; he argues again that he was thus under "constructive" BOP custody and entitled to GCT for that period. (Id.) Alternatively, Petitioner argues that the Middle District of Florida actually intended for Petitioner's United States sentence to expire on the same date that his Canadian sentence expired – March 27, 2007. (Id. at 6.) In support of this argument, Petitioner argues that the Middle District of Florida sentenced him to "**NINETY (90) MONTHS** . . . to run **CONCURRENT** with the remainder of the undischarged term of imprisonment in Canada." (Id. at 5; doc. no. 1-1, Ex. C, p. 4 (emphasis added from original).) Petitioner argues that because the remainder of his Canadian sentence expired on March 27, 2007, a concurrent United States sentence would have necessarily terminated on that date. (Doc. no. 1, pp. 5-6.)

Respondent argues that Petitioner's claims are barred by the principle of *res judicata*, or claim preclusion, because he has already raised the issue of GCT relating to his sentencing in the prior § 2241 petition before this Court. (Doc. no. 5, p. 1.) Furthermore, Respondent

3

contends that Petitioner has also raised this issue before the Middle District of Florida – Petitioner's sentencing court.[3] (Id.; see generally doc. nos. 5-1, 5-2, 5-3.)

Petitioner counters that Respondent's *res judicata* argument must fail because both the arguments he raised before the Middle District of Florida, as well as those raised in his previous petition before this Court, "are completely different" from his arguments in the instant petition. (Doc. no. 11, p. 2.) Furthermore, Petitioner argues that Respondent has not pointed to any issues in the instant petition that have already been adjudicated on the merits. (Id.) Respondent, in a one-page reply, reiterates his argument that Petitioner's claims are barred on the principle of claim preclusion. (Doc. no. 12.) In response, Petitioner again argues that Respondent has failed to specify which issues arise in the instant petition that have already been adjudicated on the merits. (See doc. no. 13.) In addition, Petitioner has filed a motion for summary judgment. (Doc. no. 8.)

## II. DISCUSSION

### A. Petitioner's Claim for GCT

Respondent argues that Petitioner's claim that he is entitled to GCT for time spent in "constructive" BOP custody is barred by the principle of *res judicata*. (Doc. no. 5, p. 1.) Although the Supreme Court has held that the equitable nature of habeas corpus precludes the application of strict rules of *res judicata*, Schlup v. Delo, 513 U.S. 298, 317-19 (1995), the

---

[3]Petitioner moved the district court to correct what he alleged to be a discrepancy in his oral and written sentence. (See doc. no. 5-1 (arguing that Petitioner's oral sentence was for a term of 235 months, but that his written sentence was for only 90 months, thus denying him eligibility for GCT for the other 145 months of his total sentence).) The district court denied this motion, holding that its written judgment conformed with its oral pronouncement of Petitioner's sentence. (See doc. no. 5-3.) Petitioner also sought to invoke the district court's ancillary jurisdiction to obtain GCT for the 145 months at issue. (See doc. no. 5-2.) This request was likewise denied. See Divito, No. 894-CR-00169, doc. no. 213.

4

Eleventh Circuit nevertheless instructs a similar analysis in order to screen out successive § 2241 habeas petitions. Accordingly, the Court proceeds to analyze the instant petition under the framework set forth by the Eleventh Circuit.

Successive § 2241 habeas petitions "are subject to threshold dismissal in the district court" under the terms of 28 U.S.C. § 2244(a). Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Section 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.[4]

For a § 2241 petition to be barred as successive, it must raise the same claims that were adjudicated on the merits in prior habeas proceedings. Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6 (1986); Antonelli, 542 F.3d at 1352.

Here, Petitioner is again contesting the execution of his sentence of confinement, and his first claim is, again, that he should be awarded GCT for time spent in the "constructive custody" of the BOP. The Court acknowledges that Petitioner is now seeking GCT from the date he was *eligible for parole* on his Canadian sentence, rather than from the date of his *arrest and confinement* in Canada, as he argued in his first petition. Nonetheless, his claim that he is eligible for GCT for *any* time prior to the date on which his United States sentence was imposed (at which point he went into actual, as opposed to "constructive," BOP custody) has already been adjudicated on the merits. Accordingly, the instant § 2241 petition

---

[4]The Eleventh Circuit in Antonelli explained that § 2241 petitions are not subject to the gatekeeping provision of 28 U.S.C. § 2255(h) because the language of that section only applies to successive *motions* filed pursuant to § 2255, and not to *petitions* filed pursuant to § 2241. 542 F.3d at 1352, n.2.

5

should be dismissed as successive as to Petitioner's first claim.

### B. Petitioner's Alternative Claim

Petitioner's alternative claim is that the Middle District of Florida actually intended for his United States sentence to terminate on March 27, 2007 with the expiration of his Canadian sentence. This claim warrants a brief discussion, as Respondent did not directly address it in the motion to dismiss. Petitioner's alternative claim is ultimately unavailing, however.

Petitioner contends that the Middle District of Florida sentenced him to a "total term of **NINETY (90) MONTHS** . . . to run **CONCURRENT** with the remainder of the undischarged term of imprisonment in Canada." (Doc. no. 1, p. 5; doc. no. 1-1, Ex. C, p. 4 (emphasis in original).) Petitioner argues that by its terms, his <u>concurrent</u> United States sentence could not have run for a longer period than his Canadian sentence, which expired on March 27, 2007. (Doc. no. 1, pp. 5-6.) Thus, he argues, the Middle District of Florida actually intended to sentence Petitioner to only one year and 16 days of imprisonment – the length of time remaining on his Canadian sentence on the date Petitioner's United States sentence was imposed. (<u>Id.</u>) Petitioner is essentially arguing that his United States sentence was retroactive to a date arising somewhere in the middle of his Canadian sentence, and terminating on the same date as the Canadian sentence. The Court does not agree.

The Eleventh Circuit has examined the meaning of the term "concurrent" and has concluded that where a petitioner's second conviction is ordered to run "concurrent" with the undischarged term of imprisonment from a related first conviction, the second sentence cannot be applied retroactively.[5] <u>Coloma v. Holder</u>, 445 F.3d 1282, 1284-85 (11th Cir. 2006) (*per*

---

[5]Indeed, the Court of Appeals cited an example from the application notes of the U.S.S.G. that presents a situation remarkably similar to Petitioner's. <u>Coloma</u>, 445 F.3d at 1285. In the example, a defendant had served six months out of a nine-month state court sentence

6

*curiam*). In other words, "a federal sentence cannot commence prior to the date it is pronounced, even if it is made concurrent with a sentence already being served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980).[6] This comports with the language of 18 U.S.C. § 3585 that a "term of imprisonment commences on the date the defendant is received in custody . . . at the official detention facility at which the sentence is to be served." Here, Petitioner was sentenced in the United States on March 10, 2006 to a term of imprisonment of 90 months; he thus began serving his sentence on that date, and not before. Id.

Furthermore, it is clear from the very passages that Petitioner cites from his sentencing transcript that the Middle District of Florida intended to impose a total sentence of 235 months, but that it wanted to give Petitioner credit for the 145 months he had already spent in Canadian custody, leaving 90 months to be served in BOP custody:

> THE COURT: All I want to know is what are the magic words we put in the judgment so that we don't get into a real problem.
> THE PROBATION OFFICER: Basically, what you're going to do is sentence them to whatever it is and subtract 145 months, sentence him to – I got 119, and then you sentence him concurrent with whatever sentence he's got left.
> THE COURT: That's what I was thinking of doing. Say I – assume I want to give them the bottom of the advisory guidelines, 235. You subtract 145 from that, which is what they have served, that's 90. So I sentence them to 90 concurrent?
> THE PROBATION OFFICER: Right.

---

when he was prosecuted for a related crime in federal court. The federal court determined that a thirteen-month sentence was the appropriate total punishment. "Because the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result." U.S.S.G. § 5G1.3 cmt. n.2 (emphasis added.) The Court of Appeals concluded that "[i]t is clear from the example that the prisoner owed seven more months starting from the date of the second sentencing." Coloma, 445 F.3d at 1285 (emphasis added).

[6]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

7

(Doc. no. 1, p. 5.) The judgment of the Middle District of Florida also makes clear that Petitioner was to serve a total of 90 months on his United States sentence:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **NINETY (90) MONTHS** as to Count One (1) of the Superseding Indictment to run **CONCURRENT** with the remainder of the undischarged term of imprisonment imposed in Canada. The Court has given the defendant Credit for Time Served of 145 months beginning on February 22, 1994 when the defendant was arrested in Canada[.]

(Doc. no. 1-1, p. 4, citing Divito, No. 894-CR-00169, doc. no. 176, p. 2.) That Petitioner's United States sentence was to run "concurrent" to his Canadian sentence demonstrates that the Middle District of Florida intended that Petitioner should not be required to serve 90 months in BOP custody *in addition to* the one year and 16 days remaining on his Canadian sentence. Petitioner's attempt to read the "total term of **NINETY (90) MONTHS**" out of his sentence is unavailing.

Petitioner next argues that it would be a "logical fallacy" for the Court to find that the Middle District of Florida intended to impose a total sentence of 235 months, but to conclude that Petitioner is only eligible for GCT based on a sentence of 90 months. (Doc. no. 1, p. 7.) The Court has made clear, however, that there is a difference between time imposed and time served. As the Court stated here and in its R&R addressing the previous petition, it is clear that the total sentence imposed was 235 months. CV 308-087, doc. no. 14, p. 5. However, directly after the Court made this statement in its previous R&R, it explained that Petitioner was only eligible for GCT based on the time *served* on his United States sentence (i.e., 90 months), and not based on the total length of the sentence imposed. Id. at pp. 5-8. Thus, it is perfectly logical to find that Petitioner was given a total sentence of 235 months, yet that he would only be eligible for GCT for 90 of those months, because this represented the only time period in

8

actual BOP custody. In sum, Petitioner's alternative claim is without merit.

### C. Petitioner's Motion for Summary Judgment

Finally, the Court turns to Petitioner's motion for summary judgment. (Doc. no. 8.) In response to Respondent's motion to dismiss, Petitioner filed a motion for summary judgment in which he raises the same arguments as those in his petition. (Id. at 1-3.) However, for the reasons set forth above, the instant petition should be dismissed as to Petitioner's first claim because it is successive to his earlier § 2241 habeas petition; furthermore, Petitioner's second claim is without merit. Accordingly, Petitioner is not entitled to summary judgment.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that Petitioner's motion for summary judgment be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

SO REPORTED and RECOMMENDED this 18th day of October, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE