# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 NOV 21  PM 1:46

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL DIVITO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 311-005 |
| | ) | |
| WALTER WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 17). Petitioner commenced this case pursuant to 28 U.S.C. § 2241, arguing that he is entitled to good conduct time ("GCT") for time he spent in "constructive custody" of the BOP while incarcerated in Canada and awaiting trial in the United States. (See generally doc. no. 1.) The Magistrate Judge recommended that the instant petition be denied because Petitioner's claim for GCT while in "constructive custody" of the BOP was successive to an earlier § 2241 habeas petition, Divito v. Lappin, CV 308-087, doc. no. 1 (S.D. Ga. Sept. 18, 2008), and because Petitioner's alternative argument – that the United States sentencing court intended to impose his sentence to be coterminous with his previous Canadian sentence – was without merit. (Doc. no. 15.)

The majority of Petitioner's objections are primarily a reiteration of the arguments presented in his petition and reply brief. However, one point merits further discussion.

In his objections, Petitioner argues that a prisoner sentenced to 235 months in the United States will ultimately serve only 204 months and 7 days in prison if he is eligible for the full amount of GCT. (Id. at 2.) Yet Petitioner, who spent 145 months in Canadian detention before being sentenced to a 90-month term of imprisonment in the United States to reach a total intended sentence of 235 months, will only be eligible for GCT based on the 90 months served in actual custody of the Federal Bureau of Prisons ("BOP"). Petitioner argues that despite having demonstrated good conduct throughout his confinement, he will serve "approximately 19 months longer than any other inmate with a 235-month sentence," which he argues violates his equal protection and due process rights. (Id.) Petitioner's argument is unavailing.

The Supreme Court has held that prisoners have no constitutional right to GCT. Wolff v. McDonnell, 418 U.S. 539, 557 (1974) ("It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison."), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995). Here, Petitioner alleges that the BOP's policy of denying him eligibility for GCT during his Canadian incarceration violates due process. As Petitioner has no constitutional right to GCT, this claim must fail.

In regard to his equal protection claim, Petitioner must show: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that his discriminatory treatment is based upon a constitutionally impermissible basis, such as race. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (*per curiam*); see also Elston v. Talladega County Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir.1993) (requiring plaintiff to demonstrate that challenged action was motivated by an intent to discriminate in order to establish equal protection violation).

Here, Petitioner does not meet these criteria. First, Petitioner is not "similarly situated" to prisoners serving 235-month sentences in BOP custody, since Petitioner is only serving a 90-month sentence in BOP custody. As the Report and Recommendation correctly points out, Petitioner is not eligible for GCT based on time spent in "constructive custody" of the BOP while detained in Canada. See also Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*) ("[T]he BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed."). Moreover, Petitioner fails to allege, much less demonstrate, that the allegedly discriminatory treatment is based on any constitutionally protected interest. Accordingly, Petitioner's claim that his ineligibility for GCT for the period spent in Canadian confinement somehow violates the Equal Protection Clause must also fail.

In sum, Petitioner's objections are without merit and are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore Respondent's motion to dismiss is **GRANTED**, and Petitioner's motion for summary judgment is **DENIED**. This civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent Wells.

SO ORDERED this 21st day of November, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE